**United States District Court**
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL W. BRISENO,

       Petitioner,

       v.

JEANNE S. WOODFORD, Director,
California Dept. Of Corrections,

       Respondent.

_____/

No. C 04-1458 PJH

**ORDER DENYING STATE'S MOTION TO DISMISS HABEAS PETITION AS UNTIMELY AND REINSTATING BRIEFING SCHEDULE**[1]

       Petitioner Michael W. Briseno ("Briseno), currently in the custody of the California Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this court on April 14, 2004.  The state moved to dismiss the petition as untimely. After considering the parties' briefs, the record, exhibits, and relevant authorities, this court DENIES the state's motion to dismiss.

**BACKGROUND**

       The relevant facts are not in dispute.  On May 12, 2000, the Santa Clara County Superior Court sentenced Briseno to a determinate term of nine years and four months in prison, to be followed by a consecutive indeterminate term of 210 years to life following his guilty plea to thirty-two felony counts of sexual misconduct with children.  Briseno filed both direct appeals and petitions for habeas relief before the state appellate courts.  On September 23, 2002, the California Court of Appeal dismissed Briseno's direct appeal, and also denied his petition for state habeas relief.  The California Supreme Court denied

_____

[1] Pursuant to Civil Local Rule 7-13, this order may not be cited except as provided by Civil Local Rule 3-4(e).

**United States District Court**

For the Northern District of California

1  Briseno's petition for review of the direct appeal on November 26, 2002, and denied review of

2  his state habeas petition on January 15, 2003.  Briseno filed the instant petition for federal

3  habeas relief with this court on April 14, 2004.

**DISCUSSION**

5  **I.    Timeliness**

6          AEDPA requires that an application for a writ of habeas corpus be made during the

7  one-year statute of limitations period.  28 U.S.C. § 2244(d)(1).  The one-year period generally

8  will run from "the date on which the judgment became final by conclusion of direct review or the

9  expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  "Direct review"

10  includes the period within which a petitioner can file a petition for writ of certiorari from the

11  United States Supreme Court, whether or not the petitioner actually files such a petition.

12  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Accordingly, if a petitioner fails to seek a

13  writ of certiorari from the United States Supreme Court following conclusion of direct review,

14  AEDPA's one-year limitations period begins to run ninety days later, when the period for

15  seeking such a writ expires.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

16          However, AEDPA's one-year statute of limitations is tolled under § 2244(d)(2) for the

17  "time during which a properly filed application for state post-conviction or other collateral

18  review with respect to the pertinent judgment or claim is pending." *Dictado v. Ducharme*, 244

19  F.3d 724, 726 (9th Cir. 2001).  An application for collateral review is "pending" in state court

20  "as long as the ordinary state collateral review process is 'in continuance' – *i.e.,* 'until

21  completion of' that process." *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002).  In California,

22  this means that the statute of limitations is tolled from the time the first state habeas petition is

23  filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Id.*;

24  *accord Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, in the case of state

25  collateral relief, unlike direct review, the limitation period *is not* tolled under § 2244(d)(2) while

26  a petition for certiorari from a state court's denial of a petition for post-conviction relief is

27  pending in the United States Supreme Court or during the ninety days in which such a petition

28

2

1   may be filed.  *White v. Klitzkie*, 281 F.3d 920, 924 (9th Cir. 2002).

2          Here, AEDPA's one-year statute of limitations period would have commenced on

3   February 25, 2003, ninety days after the California Supreme Court denied Briseno's petition

4   for review on direct appeal – the time in which Briseno could have filed a petition for writ of

5   certiorari with the United States Supreme Court.[2]  *See Miranda*, 292 F.3d at 1065.  It,

6   therefore, would have expired on February 25, 2004, one year later.  Briseno, however, did not

7   file the instant petition with this court until April 14, 2004 – forty-nine days late.

8          **II.        Briseno is Entitled to Equitable Tolling**

9          The one-year limitation period can be equitably tolled because § 2244(d) is a statute of

10  limitations and not a jurisdictional bar.  *Calderon v. United States District Court (Beeler)*, 128

11  F.3d 1283, 1288 (9th Cir. 1997).  "When external forces, rather than a petitioner's lack of

12  diligence, account for the failure to file a timely claim, equitable tolling of the statute of

13  limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

14  Equitable tolling will not be available in most cases because extensions of time should be

15  granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to

16  file a petition on time."  *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks

17  omitted).  The prisoner must show that "the 'extraordinary circumstances' were the cause of

18  his untimeliness."  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  Where a prisoner

19  fails to show "any causal connection" between the grounds upon which he asserts a right to

20  equitable tolling and his inability to timely file a federal habeas application, the equitable tolling

21  claim will be denied.  *Gaston v. Palmer*, 387 F.3d 1004, 1008-09 (9th Cir. 2004) (holding that

22  where prisoner fails to show causal connection between self-representation on direct appeal

23  or physical and mental disabilities and inability to timely file petition, district court's finding that

24  he was not entitled to equitable tolling where he had earlier filed a state habeas petition was

25  not clear error).

26         Although ordinary attorney negligence will not justify equitable tolling, the Ninth Circuit

27  _____

28         [2]The state appears to have miscalculated the pertinent dates by one day.

United States District Court

For the Northern District of California

has held that there are instances in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate.  *Spitsyn,* 345 F.3d at 800 (noting also that court "ha[s] acknowledged that where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations").  In *Spitsyn*, the Ninth Circuit held that an attorney's conduct "was so deficient as to distinguish it from the merely negligent performance of counsel" for which no equitable tolling was available, where:

> Though he was hired nearly a full year in advance of the [AEDPA] deadline, counsel completely failed to prepare and file a petition.  Spitsyn and his mother contacted [counsel] numerous times, by telephone and in writing, seeking action, but these efforts proved fruitless.  Furthermore, despite a request that he return Spitsyn's file, [counsel] retained it for the duration of the limitations period and more than two months beyond.

345 F.3d 801.

This court finds Briseno's attorney's conduct in this case similarly atypical and egregious, beyond merely negligent performance.  In support of his opposition to the state's motion to dismiss, Briseno has submitted a declaration from Robert DePillis, a non-inmate acquaintance of Briseno's, who acted on behalf of Briseno in securing funds for an attorney to represent Briseno in connection with a federal habeas petition, in collecting and compiling Briseno's relevant documents, and in locating and assisting in the hiring of counsel to represent Briseno.  Briseno has also submitted a declaration from Attorney A.J. Kutchins, who agreed to represent and file Briseno's federal habeas petition.

Briseno corresponded with DePillis while in prison beginning in June 2003, approximately 8-9 months before the statute of limitations expired in this case.  DePillis, in turn, corresponded with Briseno's appointed state court attorney, and as a result, began to question Briseno's competence.  DePillis began assisting Briseno in raising funds for an attorney and securing representation.  He collected approximately $20,000 towards Briseno's legal fees over a period of two months from June - August 2003, and met with and hired attorney Kutchins on Briseno's behalf in August 2003, approximately six months prior to the AEDPA deadline.

4

United States District Court

For the Northern District of California

1    Kutchins attests that he spent only an hour or two in August 2003 reviewing Briseno's

2    files, and mistakenly concluded that the deadline expired on April 15, 2004 instead of

3    February 25, 2004 – ninety days after the California Supreme Court denied review on

4    Briseno's state *habeas* petition.  Kutchins further attests that he "did nothing else on Mr.

5    Briseno's case over the next five months," "did not do any legal research in connection with

6    calculating the statute of limitation for filing Mr. Briseno's petition," and "did not order any

7    transcripts of his state court proceedings."  This inaction occurred in spite of the fact that

8    Kutchins received numerous calls and letters from Briseno, DePillis, and other friends and

9    relatives regarding Kutchins' progress on Briseno's case, and that at least two of these

10   inquiries were specifically related to the statute of limitations.  It was only after DePillis again

11   requested Kutchins to "doublecheck" the deadline in March 2004, that Kutchins realized that

12   the deadline had already passed.  Kutchins then returned the retainer and withdrew from the

13   case.

14       The state argues that Kutchins' conduct was "mere negligence" in calculating the

15   AEDPA deadline, and compares this case to *Miranda*, 292 F.3d 1063.  However, *Miranda* is

16   distinguishable.  In *Miranda*, the petitioner's attorney, who had been serving as his appointed

17   counsel on his direct appeal before the state courts, mistakenly advised him in a letter

18   regarding the statute of limitations.  *Id.* at 1067-68.  In holding that this did not constitute

19   "extraordinary circumstances" warranting equitable tolling, the Ninth Circuit noted that the

20   attorney was no longer representing the petitioner in *Miranda* at the time that she wrote the

21   letter.  *Id.* at 1068.  Instead, she "generously offered some final thoughts – which apparently

22   included a miscalculated due date, or at least a typo – in a letter after the close of her

23   representation."  *Id.*  Accordingly, the Ninth Circuit noted that "Miranda had no right to that

24   advice."  *Id.*  The other case cited by the state, *Frye v. Hickman*, is similarly distinguishable.

25   *See* 273 F.3d 1144, 1146 (9th Cir. 2001).

26       Instead, like *Spitsyn*, Kutchins' "conduct was so deficient as to distinguish it from the

27   merely negligent performance of counsel in *Frye* and *Miranda*."  345 F.3d at 801.  Kutchins

28

*was* in fact representing Briseno at the time that he sat on Briseno's case for nearly six months and conducted no legal or factual research.  Moreover, Kutchins did no further investigation in spite of numerous inquiries from Briseno and his friends and family, and in spite of the fact that Kutchins himself also had concerns regarding Briseno's mental competence, based in part on his communications with Briseno's former state counsel, DePillis, and on his own contacts and correspondence with Briseno.  Kutchins did not withdraw from the case until after the statute of limitations had expired.

Moreover, the record demonstrates that Briseno exercised reasonable diligence in pursuing the matter, with the assistance of DePillis.  *See Miles*, 187 F.3d at 1107.

**CONCLUSION**

For the reasons set forth above, this court DENIES the state's motion to dismiss Briseno's petition as untimely, and concludes that Briseno is entitled to equitable tolling from the date the statute of limitations expired until the filing of the instant petition.  Accordingly, the parties shall resume briefing on the merits of Briseno's habeas petition.

Respondents shall file with the court and serve on petitioner, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

////

////

////

If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: April___, 2005

_____

United States District Court

For the the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHYLLIS J. HAMILTON
United States District Judge

**United States District Court**

For the Northern District of California