**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL W. BRISENO,

    Petitioner,

No. C 04-1458 PJH

**ORDER GRANTING IN PART AND DENYING IN PART STATE'S SECOND MOTION TO DISMISS**

v.

JEANNE S. WOODFORD, Director, California Dept. Of Corrections,

    Respondent.
_____/

    Petitioner Michael W. Briseno ("Briseno"), currently in the custody of the California Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this court on April 14, 2004. On April 28, 2005, this court denied the state's motion to dismiss the petition as untimely, and reinstated the briefing schedule. However, on May 31, 2005, the state again moved to dismiss the petition on the grounds that it contains unexhausted, procedurally defaulted, and non-cognizable claims.

    Although Briseno's petition purported to include six claims, a couple of Briseno's claims actually contained multiple claims, and at least one was redundant of another claim. Accordingly, this court separated out the actual claims, and the court's July 20, 2004 order to show cause detailed eight claims raised by Briseno.

    The instant motion is somewhat confusing because it follows Briseno's petition as opposed to the court's order to show cause in addressing the claims subject to the motion to dismiss. In the interests of clarity and comprehensiveness, this court sets forth the claims as addressed by the petition and the parties in the context of the instant motion and references the corresponding claims as set forth in the order to show cause.

**DISCUSSION**

**I.    Alleged Unexhausted Claims**

The state contends that claims one, two, four, and five must be dismissed because they were not fairly presented to the California Supreme Court, and are therefore unexhausted.

Those claims are as follows:

**Claim One:** that Briseno was denied effective assistance of counsel in violation of his Sixth Amendment rights when: (a) his trial counsel failed to fully investigate and present evidence regarding his competence at his competency hearing; (b) his trial counsel encouraged him to plead guilty despite counsel's knowledge of Briseno's incompetence. This claim includes **claims one and three** as set forth in this court's order to show cause.

**Claim Two:** (a) that Briseno was denied effective assistance of counsel in violation of his Sixth Amendment rights when his trial counsel failed to advise him of the consequences of a guilty plea; and (b) that he was denied due process because his guilty plea was neither knowing nor voluntary since his counsel failed to advise him of the consequences of a guilty plea. This claim includes **claims four and seven** as set forth in this court's order to show cause.

**Claim Four:** that Briseno was denied effective assistance of counsel in violation of his Sixth Amendment rights when (a) his trial counsel failed to obtain a certificate of probable cause from the trial court, thus precluding Briseno from appealing certain issues; and (b) his trial counsel failed to object to the incorrect legal standard applied by the judge at his competency hearing. This claim includes **claims six and two, respectively,** as set forth by this court's order to show cause.

**Claim Five:** that he was denied due process because his guilty plea was neither knowing nor voluntary since his counsel failed to advise him of the consequences of a guilty plea. This claim is the same as claim 2(b) set forth above and claim seven as set forth in this court's order to show cause. Therefore, the court will not address this claim separately.

Prisoners in state custody who wish to challenge collaterally in federal habeas

2

proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). To comply with the fair presentation requirement, a claim must be raised at every level of appellate review; raising a claim for the first time on discretionary review to the state's highest court is insufficient. *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) (holding that where petitioner only raised federal constitutional claim on appeal to the Washington State Supreme Court, claim not fairly presented). However, exhaustion does not require repeated assertions if a federal claim is actually considered at least once on the merits by the state's highest court. *See Castille v. Peoples*, 489 U.S. 346, 350 (1989); *Greene v. Lambert*, 288 F.3d 1081, 1086-87 (9th Cir. 2002); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987). This is true even where alternative avenues of review are still available in state court. *See id.*

This court has considered the parties' arguments, the relevant authorities, and has reviewed all of the exhibits submitted by the parties with respect to the allegedly unexhausted claims. The court concludes that the following claims remain **unexhausted** because they were not fairly presented to the state courts in accordance with the requirements set forth above:

**Unexhausted Claims**

**Claim One (a), OSC Claim One:** that Briseno was denied effective assistance of counsel in violation of his Sixth Amendment rights when his trial counsel failed to fully investigate and present evidence regarding his competence at his competency hearing; and

**Claim Four (b), OSC Claim Two:** that Briseno was denied effective assistance of counsel in violation of his Sixth Amendment rights when his trial counsel failed to

object to the incorrect legal standard applied by the judge at his competency hearing.

**Exhausted Claims:**

The court concludes, by contrast, that the following claims were fairly presented to the state appellate courts, and are therefore **exhausted**:

**Claim One (b), OSC Claim Three:** that Briseno was denied effective assistance of counsel in violation of his Sixth Amendment rights when his trial counsel encouraged him to plead guilty despite counsel's knowledge of Briseno's incompetence.

**Claim Two (a) and (b), OSC Claims Four and Seven:** (a) that Briseno was denied effective assistance of counsel in violation of his Sixth Amendment rights when his trial counsel failed to advise him of the consequences of a guilty plea; and (b) that he was denied due process because his guilty plea was neither knowing nor voluntary since his counsel failed to advise him of the consequences of a guilty plea.

**Claim Four (a), OSC Claim Six:** that Briseno was denied effective assistance of counsel in violationof his Sixth Amendment rights when his trial counsel failed to obtain a certificate of probable cause from the trial court, thus precluding Briseno from appealing certain issues.

**II.    Alleged Non-Cognizable Claims**

The state also contends that Briseno's claim six must be dismissed because it does not state a cognizable federal claim.  In that claim, the eighth issue in this court's order to show cause, Briseno contends that the trial court erred in using a clearly erroneous standard under state law to suspend criminal proceedings against him.  In his response to the state's motion to dismiss, Briseno concedes that the claim is not cognizable in these federal habeas proceedings.

Accordingly, that claim is DISMISSED.

**III.   Claim(s) Procedurally Barred**

Finally, the state contends that claim three, set forth in this court's order to show cause as claim five, is procedurally defaulted.  In that claim, Briseno alleges that his Sixth

4

1 Amendment right to the effective assistance of counsel was violated when his trial counsel
2 failed to raise the issue of counsel's own deficiency and/or to withdraw in conjunction with
3 Briseno's motion to withdraw his guilty plea.

4 Briseno raised this same claim in his direct appeal before the California Court of
5 Appeal.  However, on September 23, 2002, the state appellate court dismissed Briseno's
6 appeal for failure to obtain a certificate of probable cause from the trial court, citing California
7 Penal Code § 1237.5, California Rule of Court 31(d); and relevant California Supreme Court
8 cases.  *See* State Exh. B.  On November 26, 2002, the California Supreme Court denied
9 Briseno's related petition for review.

10 Under Cal. Penal Code § 1237.5 and Rule 31(d), following a guilty plea, a defendant is
11 required to obtain from the trial court a certificate of probable cause in order to appeal certain
12 issues regarding the validity of his plea.  *See also In re Chavez*, 134 Cal.Rptr.2d 54, 60 (Cal.
13 2003); *People v. Mendez*, 81 Cal.Rptr.2d 301, 308 (Cal. 1999).  That procedural requirement
14 is applied in a "strict manner," *Mendez*, 81 Cal.Rptr.2d at 309, "regardless of other procedural
15 challenges being made." *In re Chavez*, 134 Cal.Rptr.2d 54, 60.  "For example, a defendant
16 who has filed a motion to withdraw a guilty plea that has been denied by the trial court must
17 still secure a certificate of probable cause in order to challenge on appeal the validity of the
18 guilty plea." *Id.*

19 A federal court will not review questions of federal law decided by a state court if the
20 decision also rests on a state law ground that is independent of the federal question and
21 adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  In
22 the context of direct review by the United States Supreme Court, the "adequate and
23 independent state ground" doctrine goes to jurisdiction; in federal habeas cases, in whatever
24 court, it is a matter of comity and federalism.  *Id.*  The procedural default rule is a specific
25 instance of the more general "adequate and independent state grounds" doctrine.  *Wells v.
26 Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994).

27 In cases in which a state prisoner has defaulted his federal claims in state court
28

5

1 pursuant to an independent and adequate state procedural rule, federal habeas review of the
2 claims is barred unless the prisoner can demonstrate cause for the default and actual
3 prejudice as a result of the alleged violation of federal law, or demonstrate that failure to
4 consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at
5 750. Here, Briseno has demonstrated neither with respect to Claim Three. Accordingly,
6 Claim Three, set forth as Claim Five in this court's OSC is DISMISSED.

7 The state, however, also argues that Briseno's remaining claims, exhausted and
8 unexhausted, should also be dismissed as procedurally barred. The state cites to California
9 law, which provides that Briseno "may not circumvent the requirements [for a certificate of
10 probable cause] as required by section 1237.5 by seeking a [state] writ of habeas corpus." *In
11 re Chavez*, 134 Cal.Rptr.2d at 60. The state argues that in denying the additional exhausted
12 claims contained in Briseno's state habeas petitions, the state appellate courts were implicitly
13 applying the state procedural bar to those claims as well. However, as Briseno correctly
14 notes, the Ninth Circuit has held that "the California Supreme Court's denial of a habeas
15 petition without comment or citation constitute[s] a decision on the merits of the federal claims,
16 and thus such claims w[ill] be subject to review in federal habeas proceedings." *Hunter v.
17 Aispuro*, 982 F.2d 344, 348-49 (9th Cir. 1992). Such was the case with Briseno's exhausted
18 claims set forth above. Therefore, this court will NOT dismiss the exhausted claims.

19 A different result, however, is required with respect to the unexhausted claims set forth
20 above. Where a petitioner's claims were not fairly presented to the state courts, but an
21 independent and adequate state procedural rule exists which bars their review, the claims are
22 procedurally barred in federal habeas review. *Casey v. Moore*, 386 F.3d 896, 919 (9th Cir.
23 2004) (finding that Washington's state procedural rule setting one year limit on a personal
24 restraint petition which raises a federal claim not raised on direct review precludes federal
25 review of claim that would no longer be timely under that rule). A petitioner must establish
26 factual innocence in order to show that a fundamental miscarriage of justice would result from
27 application of procedural default. *See Gandarela v. Johnson*, 275 F.3d 744, 749-50 (9th Cir.
28

6

2002); *Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001). Because Briseno has not established factual innocence, his unexhausted claims set forth above are DISMISSED as procedurally barred.

## CONCLUSION

The following claims are DISMISSED as unexhausted, and, therefore, procedurally barred:

**Claim One (a), OSC Claim One:** that Briseno was denied effective assistance of counsel in violation of his Sixth Amendment rights when his trial counsel failed to fully investigate and present evidence regarding his competence at his competency hearing; and

**Claim Four (b), OSC Claim Two:** that Briseno was denied effective assistance of counsel in violation of his Sixth Amendment rights when his trial counsel failed to object to the incorrect legal standard applied by the judge at his competency hearing.

Additionally, **Claim Three**, as set forth as Claim Five in this court's OSC is DISMISSED as procedurally barred. Finally, **Claim Six,** as set forth in this court's OSC is dismissed as non-cognizable.

Accordingly, the following four claims remain, and have been renumbered by this court such that there are no duplicative or multiple claims in the interests of clarity:

**Claim One:** that Briseno was denied effective assistance of counsel in violation of his Sixth Amendment rights when his trial counsel encouraged him to plead guilty despite counsel's knowledge of Briseno's incompetence.

**Claim Two:** that Briseno was denied effective assistance of counsel in violation of his Sixth Amendment rights when his trial counsel failed to advise him of the consequences of a guilty plea;

**Claim Three:** that Briseno was denied due process because his guilty plea was neither knowing nor voluntary since his counsel failed to advise him of the consequences of a guilty plea.

**Claim Four:** that Briseno was denied effective assistance of counsel in violation of his

Sixth Amendment rights when his trial counsel failed to obtain a certificate of probable cause from the trial court, thus precluding Briseno from appealing certain issues.

Respondents shall file with the court and serve on petitioner, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

The claims shall be renumbered as indicated above 1-4.

**IT IS SO ORDERED.**

Dated: September 6, 2005

PHYLLIS J. HAMILTON
United States District Judge