UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL W. BRISENO,

    Petitioner,

    v.

JEANNE S. WOODFORD, Director, California Dept. of Corrections,

    Respondent.

_____/

No. C 04-1458 PJH

**ORDER RE: PETITIONER'S REQUEST FOR EXPANSION OF RECORD**

Petitioner, who is currently in the custody of the California Department of Corrections, filed a petition for a writ of habeas corpus on April 14, 2004. Currently before the court is petitioner's request to expand the record. Having considered petitioner's request, as well as respondent's objections to the request, as stated in respondent's reply to petitioner's traverse, the court hereby DENIES petitioner's request to expand the record, and GRANTS petitioner leave to file a renewed request, as follows.

**PROCEDURAL BACKGROUND**

On January 5, 2006, petitioner filed his traverse with the court, which included three new declarations as exhibits, not previously submitted to the state courts. The state subsequently objected to the new declarations in a reply to petitioner's traverse, on grounds that the three new declarations were not presented to the state court, add additional facts that change the evidentiary bases for petitioner's claims, and are therefore not exhausted.

Thereafter, on February 3, 2006, petitioner filed a formal request to expand the record in order to include the three declarations. Petitioner's request is based on Rule 7 of the Rules Governing § 2254 Cases.

**DISCUSSION**

A.   Legal Standard

Rule 7 of the Rules Governing § 2254 cases provides that: "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." See also Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005).

In Cooper-Smith, the Ninth Circuit stated that the requirements of 28 U.S.C. § 2254(e)(2) apply to decisions regarding expansion of the record under Rule 7. In other words, an applicant shall not be entitled to Rule 7 expansion of the record, based on new evidence, unless the petitioner "exercised diligence in his efforts to develop the factual basis of his claims in state court proceedings." See id. at 1241.

B.   Expansion of Record

The three declarations that petitioner seeks to include in the record are (1) a new declaration by petitioner's trial counsel, Thomas Salciccia; (2) a new declaration by petitioner himself; and (3) a new declaration by petitioner's brother, Modesto Briseno. See Petitioner's Traverse, Exs. 1, 3-4. Petitioner presumably seeks the admission of the evidence to support all four federal habeas claims, which allege denial of due process and effective assistance of counsel, in violation of the Fifth and Sixth Amendments. The first two declarations purport to augment declarations submitted by petitioner before the state court, while the third declaration appears to be wholly new.

Under the standard enunciated by the Ninth Circuit in Cooper-Smith, the court must, as a threshold matter, determine whether petitioner exercised due diligence in his efforts to develop the underlying factual basis of the above declarations before the state court. See also Holland v. Jackson, 124 S.Ct. 2736, 2738 (2004). Diligence "depends upon whether petitioner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." See Cooper-Smith, 397 F.3d at 1236.

Here, however, although petitioner states in his request that he "consistently (and

1 fruitlessly) attempted to obtain an Order to Show Cause and evidentiary hearings on his
2 claims in the California courts," in which "all of the disputed 'new' evidence would have
3 come out," petitioner has provided no evidence in the record supporting this assertion. Nor
4 has petitioner demonstrated in his request the relevance and necessity of the new
5 declarations in ensuring a developed factual record before the court.

6       Accordingly, if petitioner wishes to satisfy the threshold requirement for invoking
7 Rule 7 relief, he must provide an explanation for his failure to submit the subject
8 declarations to the state court, and furthermore demonstrate the relevance and necessity of
9 the new declarations.

10       Moreover, as respondent highlights in its reply to petitioner's traverse, even
11 assuming that petitioner satisfies the threshold requirement for Rule 7 relief, the
12 presentation of new evidence in the form of the above declarations may still render
13 petitioner's claims unexhausted. See Aiken v. Spalding, 841 F.2d 881, 883-84 (9th Cir.
14 1988)(petitioner's presentation of new evidence not before state courts during trial or
15 appeal required petitioner to first exhaust state law remedies before pursuing that theory in
16 federal habeas proceedings). The court notes that it may very well be likely that petitioner
17 can ultimately demonstrate that no exhaustion problem is implicated by submission of the
18 new declarations. See, e.g., Vasquez v. Hillery, 474 U.S. 254, 257-60 (1986)(the
19 "supplemental evidence presented by respondent did not fundamentally alter the legal
20 claim already considered by the state courts, and, therefore, did not require that [habeas
21 petitioner] be remitted to state court for consideration of that evidence"); Chacon v. Wood,
22 36 F.3d 1459, 1469 (9th Cir. 1994), superseded by statute on other grounds as recognized
23 by Morris v. Woodford, 229 F.3d 775, 779 (9th Cir.2000). Nonetheless, this issue, which
24 petitioner's request confusingly argues in conjunction with the threshold requirement
25 discussed in Cooper-Smith, cannot be determined at this juncture, and must await further
26 briefing of the threshold due diligence requirement.

3

**CONCLUSION**

For the reasons set forth above, and for good cause shown,

1. Petitioner's request to expand the record is hereby DENIED. However, the denial is without prejudice, and petitioner is hereby GRANTED LEAVE to file a renewed request addressing the threshold due diligence requirement, and the relevance and necessity of the subject declarations. Petitioner shall also address any arguments regarding the effect of any expansion of the record on the exhaustion of his claims before the court.

Petitioner shall file his renewed request within fourteen days of the date of this order.

2. Respondent may serve an opposition to petitioner's renewed request, if so desired, within fourteen days of service of petitioner's request.

This order fully adjudicates the motion listed at No. 31 of the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: September 28, 2006

PHYLLIS J. HAMILTON
United States District Judge