**United States District Court**
For the Northern District of California

1
2
3
4
5    UNITED STATES DISTRICT COURT
6    NORTHERN DISTRICT OF CALIFORNIA
7
8
9    MICHAEL W. BRISENO,

10        Petitioner,                    No. C 04-1458 PJH

11                                       **ORDER RE PETITIONER'S**
                                         **MOTION TO ENFORCE**
12        v.

13    JEANNE S. WOODFORD, Director,
      California Dept. of Corrections,
14
          Respondent.
15    _____/

16
17        Petitioner Michael Briseno's ("Briseno") motion to enforce this court's January 14,

18    2011 order came on for hearing on August 22, 2012, before this court.  Briseno appeared

19    through his counsel, Mark Eibert, and respondent appeared through her counsel, Peggy

20    Ruffra.  Having read the papers and carefully considered the relevant legal authority, the

21    court DENIES the motion.

22                                    **BACKGROUND**

23        On September 17, 2007, this court denied Briseno's habeas petition, which raised

24    four claims, including:[1]

25        (1)    that he was denied effective assistance of counsel in violation of his
                 Sixth Amendment rights when his trial counsel encouraged him to
26               plead guilty despite counsel's knowledge of his incompetence;

27    _____

28        [1]Originally, Briseno raised eight claims in his petition.  However, prior to its decision on
      the merits, the court granted in part the state's motion to dismiss four of the eight claims - two
      as unexhausted, one as procedurally barred, and one as non-cognizable.

United States District Court
For the Northern District of California

(2)    that he was denied effective assistance of counsel in violation of his Sixth Amendment rights when his trial counsel failed to advise him of the consequences of his guilty plea;

(3)    that he was denied due process because his guilty plea was neither knowing nor voluntary since his counsel failed to advise him of the consequences of his guilty plea; and

(4)    that he was denied effective assistance of counsel in violation of his Sixth Amendment rights when his trial counsel failed to obtain a certificate of probable cause from the trial court, thus precluding him from appealing certain issues.

Because they are relevant to the court's discussion below and its adjudication of Briseno's instant motion to enforce, the court notes that in his federal habeas petition, Briseno raised claims no. 2 and 3 above as a single claim. That single claim asserted that "[t]rial counsel's representation of petitioner was constitutionally deficient because he failed to advise petitioner of the direct penal consequences of his pleas and therefore those pleas were neither knowing nor voluntary in violation of petitioner's constitutional right to due process." April 14, 2004 Memorandum in Support of Petition at 9. The court separated the single claim into sub-claims - claims two and three as set forth above, *see* September 6, 2005 Order re: Motion to Dismiss,[2] and in its September 17, 2007 order denying Briseno's petition, discussed them together as set forth below.

The court notes that sub-claims two and three focused exclusively on *counsel's* advice, or lack thereof, to Briseno. They did *not* concern the *trial court's* advisements or any alleged deficiencies in advisements. Presumably, this was because Briseno was aware that a claim based on the *trial court's* advisements was unexhausted. Accordingly, had Briseno raised a claim based on the *trial court's* advisements in his federal habeas petition, such a claim would likely have been dismissed as unexhausted.

Nevertheless, even though Briseno did not raise a claim in his April 14, 2004 federal habeas petition based on the trial court's advisements, in the background portion of its

---

[2]Previously, the state moved to dismiss both sub-claims as unexhausted, but the court denied that motion as it pertained to those sub-claims. *See* September 6, 2005 Order re: Motion to Dismiss.

United States District Court

For the Northern District of California

1  order, this court noted the following facts, which pertained to the trial court's advisements to

2  Briseno, and which were relevant to its analysis of Briseno's ineffective assistance of

3  counsel claim, and specifically to whether Briseno had been prejudiced by his counsel's

4  allegedly deficient performance.

> Prior to taking the plea, the trial court advised Briseno of the consequences, including the maximum possible penalties, of his guilty plea. R.T. 19-21.   These consequences included the possibility that Briseno "could be sent to [prison] for a determinant sentence of ten years and eight months to be followed by a consecutive sentence of 360 years to life," that he would be required to register as a sex offender, that he could be placed on parole for up to seven years and sent back to prison for one year for each violation of parole, and that all of the child molestation charges were strike offenses with serious future consequences if he were to commit another future offense. R.T. 19-21.  Prior to entering his plea, Briseno assured the court that he was satisfied with his representation.  R.T. 21.  Briseno subsequently entered an open guilty plea to all of the charges, except the 33rd charge, involving his son, John Doe 6, which the state agreed to dismiss.  R.T. 19-37.  The trial court also advised Briseno that he was not eligible for probation, which Briseno clarified that he understood.[3]

13  September 17, 2007 Order at 7.

14  The court then ruled that Briseno did not receive ineffective assistance of counsel

15  when his counsel failed to advise him of the mandatory minimum sentence.  September 17,

16  2007 Order at 20-25.  The court examined the numerous declarations filed by Briseno in

17  support of the claim and noted how Briseno's declaration contradicted that of his trial

18  counsel, his brother, and that his most recent declaration, filed in the first instance with his

19  federal habeas petition, even contradicted his own prior declarations.  Nevertheless, the

20  court found that even if it were to resolve any factual disputes about the deficiency of his

21  counsel's performance in Briseno's favor, he was not prejudiced by counsel's failure to

---

[3]The court further noted that:

Immediately following the guilty plea, the prosecution inquired regarding the necessity of admissions regarding probation eligibility allegations.  R.T. 36.  The trial court responded, that "the crimes speak for themselves.  There's no requirement of taking a plea as to the effect of a probation ineligible standard."  R.T. 36.  The court then stated "I've advised the defendant of the consequences of his plea that he is not eligible," and then inquired again, "You understand you're not eligible for probation in this matter, Mr. Briseno?"  R.T. 36.  Briseno replied "Yes."  R.T. 36.

United States District Court

For the Northern District of California

1  advise him of the fact that his sentence would likely be at least sixty years.  In support, the

2  court noted that the trial court advised Briseno that the sentence he would receive would

3  likely result in lifetime imprisonment.  The court also found that Briseno, much like the

4  petitioner in *Weaver v. Palmateer*, 455 F.3d 958, 968 (9th Cir. 2006), had explicitly

5  expressed a desire to avoid a trial - and the publicity associated with the incestuous nature

6  of the charges pertaining to his then-six year-old son.  Accordingly, the court denied

7  Briseno's claims that his counsel's ineffective assistance, as it pertained to the advisement

8  of a mandatory minimum sentence, violated his Sixth Amendment rights or rendered his

9  plea involuntary.

10       This court did not grant a certificate of appealability ("COA") for appeal to the Ninth

11  Circuit as to either sub-claims two or three set forth above.  However, the fourth claim, the

12  only claim for which the court granted a COA, incorporated in part Briseno's sub-claim

13  pertaining to counsel's advisements as to the mandatory minimum sentence. The court had

14  denied that claim, noting the fact that Briseno's newly filed declaration in the federal habeas

15  proceedings contradicted his prior declarations filed with the state court.  September 27,

16  2007 Order at 25-35.

17       Based on the record that existed before the state court, this court found that it was

18  not deficient performance for Briseno's counsel 1) to determine that a state trial court would

19  not grant a certificate of probable cause ("CPC") as to the issues related to the validity of

20  Briseno's plea, or 2) to fail to request one.  However, the court held that even if it were to

21  credit Briseno's contradictory declaration filed for the first time in the federal habeas

22  proceedings, in which Briseno stated that he requested that his counsel file the documents

23  (a CPC) necessary for him to challenge the trial court's denial of his motion to withdraw his

24  guilty plea, Briseno was unable to demonstrate prejudice.  It concluded that it was

25  "extremely likely" that the trial court would have denied the CPC as to the other issues as

26  frivolous and/or vexatious, and noted the trial court's repeated admonishments to Briseno

27  regarding the consequences of his guilty plea.

28

United States District Court

For the Northern District of California

After this court granted a COA as to the fourth claim only, Briseno appealed, and on December 20, 2010, the Ninth Circuit reversed and remanded in part to this court.  In its order granting habeas relief, the Ninth Circuit noted that Briseno contended that his counsel was ineffective when he failed to obtain a CPC "on two issues, thus precluding an appeal on those issues." *Briseno v. Woodford*, 413 Fed. Appx. 2, 3 (9th Cir. 2010).  According to the Ninth Circuit, those two issues were: (1) "Briseno's competency to stand trial and thus his competency to plead guilty;" and (2) "the failure of the trial *judge* to inform Briseno of the mandatory minimum [sentence]." *Id.* at 3-4.

As for the first issue regarding competency, the Ninth Circuit found that there was "no reasonable possibility of success on appeal," and thus petitioner was not prejudiced. *Id.* at 3.  As for the second issue, the Ninth Circuit held that "[t]here was a reasonable chance [Briseno] would be successful on appeal and his conviction on the plea of guilty would be reversed," *id.* at 4, and found that it "was ineffective assistance of counsel not to request a [CPC] on the issue of the failure of the *court or counsel* to advise Briseno that there was a mandatory minimum sentence of 15 years on the 32 counts to which he entered a plea of guilty." *Id.*

The Ninth Circuit then "remand[ed to this court] with instructions to grant the writ of habeas corpus on the issue reversed and order the defendant released unless he is afforded an opportunity to appeal that conviction within a reasonable time." *Id.* at 4-5.

On January 14, 2011, in compliance with the Ninth Circuit's mandate, this court issued an order reopening the case and granting the writ of habeas corpus, and issued a corresponding judgment that same day.  In granting the writ, this court ordered "that respondent release petitioner from custody unless the state (presumably the California Court of Appeal) affords the petitioner an opportunity to appeal on the merits (presumably without having first obtained a certificate of probable cause) his claim that he was denied effective assistance of counsel in violation of the Sixth Amendment when his trial counsel failed to request a certificate of probable cause on the issue of the trial judge's failure to

United States District Court

For the Northern District of California

inform him of the mandatory minimum sentences for each charge."

In February 2011, the California Court of Appeal granted both parties' joint motion to recall the remittutur, vacated its 2002 dismissal order, restored the appeal to active status, and appointed counsel for Briseno. Mark Eibert, Briseno's appointed federal habeas counsel, referred the case to California's Sixth District Appellate Project, and Briseno's prior appointed state counsel, Jonathan Grossman, represented him in the 2011-2012 state appellate court proceedings.

On August 3, 2011, Grossman filed on Briseno's behalf an opening brief in the reopened direct appeal, along with a habeas petition before the California Court of Appeal. On direct appeal, Briseno raised two claims: 1) that his "plea must be withdrawn because his plea was entered without knowledge of the mandatory minimum term, and the plea must be withdrawn because it was induced by an illusory promise;"[4] and 2) Briseno's plea was involuntary because he was incompetent when he pled guilty. Resp. Exh. 7A at i. In his state habeas petition filed that same day, Briseno raised two ineffective assistance of counsel claims based on trial counsel's failure 1) to advise him of the mandatory statutory minimum sentence or the reasons why a longer sentence should be expected under state sentencing rules; and 2) to investigate or allege counsel's own ineffectiveness in the motion to withdraw his guilty plea.

On February 28, 2012, the California Court of Appeal issued a postcard denial, summarily denying Briseno's habeas petition. In a lengthier order filed that same day, the court dismissed Briseno's direct appeal, holding that it was without jurisdiction to entertain his appeal due to the absence of a certificate of probable cause.

----

[4]The court notes that to the extent that Briseno intended to argue with this claim that his plea was involuntary based on his lack of knowledge of the mandatory minimum sentence, the claim is different than the one that he raised in his April 14, 2004 habeas petition before this court. Unlike in his federal habeas petition, in his reopened state court appeal, Briseno focused on the *trial court's* advisements and/or lack thereof in addition to the *trial court's* "illusory promises," as opposed to his *counsel's* advisements. *See* Resp. Exh. 7A at 9, 13, 21, 22, 25. Accordingly, the issues regarding the trial court's conduct remain unexhausted for purposes of federal habeas proceedings.

United States District Court

For the Northern District of California

In its order dismissing his appeal, citing to state law, the court held that it was required to dismiss an appeal in which the appellant did not timely obtain a certificate of probable cause. It further held that "[n]o writ of habeas corpus can supersede this basic procedural impediment to appellate review, and to the extent that the Ninth Circuit [] believed or assumed otherwise, it was mistaken."

The court then noted that all of the issues raised by Briseno on direct appeal required a CPC, and explained why that was the case under California law. It held that it was "no more authorized to consider the issues raised in this appeal than we were in 2002 when we issued the first opinion."

It then discussed the position that it found itself in as follows:

The Ninth Circuit's holding, which it reached without apparent recognition of the jurisdictional implications for future state court proceedings, amounted to an admonition to this court to address his appeal on the merits, at least with respect to the issue it believed might lead to a reversal. The district court complied with the Ninth Circuit's holding by issuing an order that took the next step in instructing us what we must do next: hear the appeal on the merits or acquiesce in defendant's release. The Ninth Circuit has thus put this court in an intolerable position: we either follow the federal courts' dictate—in derogation of state law—or assume responsibility for defendant's entry back into society whether or not his complaints on appeal have merit. This sort of straitjacket is one we are neither inclined nor permitted to accept. A finding that trial counsel provided ineffective representation by failing to obtain a certificate of probable cause simply cannot, ipso facto, create appellate jurisdiction.

The Ninth Circuit's error lies not in its determination that defendant's attorney was constitutionally ineffective, but in the remedy it prescribed. The premise of its holding was that defendant's plea was likely to be found invalid because the trial court and counsel failed to advise defendant, in advance of his plea, of the mandatory minimum sentence he faced. If the plea was indeed invalid on this ground, then the proper corrective course was to send the case back to the point at which the proceedings went astray. That would mean restoring the charges against defendant, which defendant could either admit by a new plea or deny and go to trial. Defendant would not have been entitled to be released unless the prosecution failed to timely prosecute him on the charges.

. . . .

Here an appropriate conditional order would have given California courts the option of vacating defendant's plea, thereby curing the possible error the Ninth Circuit identified but permitting the state to proceed with its prosecution of defendant. Instead, the Ninth Circuit failed to give the California courts the opportunity to replace the judgment it considered likely invalid with a valid

United States District Court
For the Northern District of California

one, thereby infringing state interests. Because the lack of a timely obtained certificate of probable cause precludes appellate review, we remain without jurisdiction to address defendant's contentions on appeal, just as we were before defendant sought relief in federal court. We therefore must again dismiss the appeal notwithstanding the federal courts' improper disposition of the matter.

Following the California Court of Appeal's February 28, 2012 orders on direct appeal and in the habeas case, Briseno filed petitions for review of both the direct appeal and habeas case in the California Supreme Court. That court denied review in both cases.

On May 28, 2012, Briseno filed the instant motion to enforce, to which respondent subsequently filed an opposition, and Briseno filed a reply. In his reply, Briseno raised new issues regarding the appropriate relief for alleged non-compliance by the state courts and submitted a proposed order directing the California Department of Corrections and Rehabilitation ("CDCR") not only to release him forthwith but also barring the Attorney General of California and the District Attorney for Santa Clara County from rearresting and/or re-trying him on the charges for which he was originally convicted. A hearing was held on August 22, 2012, and respondent was granted leave to file a supplemental brief addressing the issues raised by Briseno in his reply brief, and Briseno was afforded an opportunity to file a responsive supplemental brief, which he did.

**DISCUSSION**

**A.    Briseno's Motion**

In his motion papers, Briseno argues that the Ninth Circuit afforded him an opportunity to appeal *on the merits* the claim for which it found a violation of his constitutional rights.[5] He contends that by dismissing his direct appeal for lack of jurisdiction, the California appellate courts defied the Ninth Circuit's order, along with this court's subsequent order reopening the case and granting the writ. He argues that "there was no ambiguity" in either order and that the Ninth Circuit intended that his claims be

---

[5]As discussed below, at the August 22, 2012 hearing, Briseno expanded upon this original position and argued that he was allowed to raise essentially any related issue.

United States District Court

For the Northern District of California

decided "on the merits and without having to comply with the procedural hurdle that had prevented him from obtaining a merits decision on his prior state appeal."  Because the California Court of Appeal did not decide his appeal on the merits, he contends that he is entitled to immediate release, and in his reply brief, further contends that he is additionally entitled to a release order that prohibits the state from rearresting or retrying him.

The state counters that the state courts complied with the Ninth Circuit's order and the conditional writ because they did afford Briseno an opportunity to appeal on the merits. It further points out that Briseno failed to raise the issue permitted by the federal courts in his state court appeal.  Finally, the state contends that Briseno is not entitled to the release order that he seeks based on any non-compliance by the state courts.

In their papers, each side essentially urges a competing interpretation of the Ninth Circuit's Memorandum Disposition.  In order to resolve the pending motion, this court finds itself in the unenviable position of being called upon to interpret a somewhat ambiguous order of the Ninth Circuit Court of Appeals.  However, the court presumes, hopefully correctly, that the reviewing court would prefer that this court attempt to resolve the motion and provide the reasons for its decision, rather than to decline to do so.  Moreover, although the procedural posture of this case is unusual, as it is really an order of the Ninth Circuit that petitioner moves this court to enforce, the court is unaware of any recognized procedure that would permit it to simply "kick the motion upstairs," so to speak.  In order to properly frame the issues, the court scheduled a hearing and enlisted the assistance of counsel.  Both parties agree that the following questions must be answered in order to resolve the motion:

1.   What were the claims upon which the Ninth Circuit granted habeas relief and what relief was granted?

2.   Did the state comply with the Ninth Circuit's order?

3.   What is the remedy afforded by the Ninth Circuit's order in the event of the state's non-compliance?

United States District Court

For the Northern District of California

1   Both parties take contrary positions on each of these three questions.

2   **B.      What Were the Claims upon which the Ninth Circuit Granted Habeas Relief and**

3           **What Relief was Granted?**

4           In order to determine whether the state "complied" with the Ninth Circuit's order, this

5   court must first determine on which claim(s) the Ninth Circuit granted habeas relief, and the

6   precise relief ordered.  Because these issues are related, the court addresses them

7   together below.

8           **1.      Claim(s)**

9           In his motion papers, Briseno contends that the Ninth Circuit's order permitted him to

10  raise both the issue regarding the voluntariness of his plea based on the trial court's

11  "illusory promises" and failure to advise him of the mandatory minimum sentence, which he

12  raised on direct appeal, and the issue of his trial counsel's failure to inform him of the

13  mandatory minimum sentence, which he raised in his habeas petition.

14          The state contends that Briseno's federal habeas claim that "he was denied effective

15  assistance of counsel in violation of his Sixth Amendment rights when his trial counsel

16  failed to obtain a [CPC] from the trial court, thus precluding him from appealing certain

17  issues," did *not* include the issue of whether the *trial court* violated his due process rights

18  by failing to advise him of the mandatory minimum sentence.  It therefore argues that

19  because Briseno raised only an ineffective assistance of counsel claim that concerned

20  *counsel's* failure to advise him of the mandatory minimum sentence, the Ninth Circuit had

21  no basis for finding a due process violation based on the *court's* failure to advise Briseno,

22  because it was not raised in the federal habeas petition or included in the COA.  The state

23  asserts that the only issue on which habeas relief could be granted was Briseno's claim

24  that his counsel provided ineffective assistance when he prevented Briseno from pursuing

25  on direct appeal the claim that *his counsel* rendered ineffective assistance when he failed

26  to advise him regarding the mandatory minimum sentence.

27          The state points out that in its December 20, 2010 order, the Ninth Circuit

28

10

**United States District Court**
For the Northern District of California

1   nevertheless alternates in its characterization of the issue underlying Briseno's ineffective

2   assistance of counsel CPC claim as one involving the trial court's failure to inform,

3   counsel's failure to inform, and/or the failure of both the trial court and counsel's to inform

4   Briseno of the mandatory minimum.  At the hearing on this motion, the state suggested that

5   the Ninth Circuit's use of language regarding the *trial court*'s, as opposed to *counsel's*,

6   failure to advise Briseno was a mistake.

7        Accordingly, the state argues that neither of the claims that Briseno raised on direct

8   appeal before the state appellate courts in 2011-2012 were encompassed within the Ninth

9   Circuit's order and this court's subsequent order granting the writ.  It concedes, however,

10  that Briseno did raise in his state habeas petition the underlying claim concerning counsel's

11  ineffective assistance based on his failure to inform him of the mandatory minimum

12  sentence - a claim that was raised by his federal habeas petition and was within the scope

13  of the COA.  Additionally, both sides agreed that even though this claim was within the

14  scope of the Ninth Circuit's order and was intended as the claim for which petitioner should

15  be permitted to appeal, petitioner could not by virtue of state law "appeal" that claim

16  because it was based on evidence outside of the record and therefore was properly subject

17  only to collateral review, which is why it was raised in the state habeas petition rather than

18  in the appeal.  *See People v. Pope*, 23 Cal.3d 412, 426 (Cal. Sup. Ct. 1979),  *overruled on*

19  *other grounds by People v. Berryman,* 6 Cal.4th 1048, 1081 (Cal. Sup. Ct. 1993).

20       At the August 22, 2012 hearing, when the discrepancy between the claims raised by

21  Briseno in state court and the one for which the Ninth Circuit appeared to order the appeal

22  was discussed, Briseno expanded upon his original position as stated in his motion papers,

23  and argued that the Ninth Circuit's order granted him permission to raise any and all issues

24  that were "part and parcel" of the ineffective assistance of counsel CPC issue.  He asserted

25  the Ninth Circuit's order allowed him to raise claims that went beyond the CPC claim and

26  the underlying claim regarding advisement of the mandatory minimum sentence, and

27  explained that was why he had done so in his direct appeal and state habeas petition.

28

11

United States District Court

For the Northern District of California

As noted on the record at the hearing on the motion, the court disagrees with Briseno's latest suggestion that the Ninth Circuit's order provided him an "opportunity to appeal" any issues that might be "part and parcel" of his CPC claim.  In the federal habeas context, the phrasing of claims is significant, and a certain fidelity is owed to how claims are framed for exhaustion and other purposes.  Accordingly, the court rejects any suggestion that the Ninth Circuit order provided Briseno with *carte blanche* permission to appeal any and all of the claims that he recently raised before the state court.  Indeed, several of those claims were never exhausted in state court and were not even raised in his original federal habeas petition.[6]

Moreover, the Ninth Circuit does not appear to have enlarged the scope of the COA, and therefore, Briseno's appeal presumably was limited to the issue granted by the COA. *See White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (noting that on appeal, court does not reach claims not raised before district court or encompassed in COA).  As the Ninth Circuit noted, the claim before it was whether Briseno's counsel was ineffective when he failed to obtain a certificate of probable cause ("CPC") "on two issues, thus precluding an appeal on those issues." *Briseno*, 413 Fed. Appx. at 3.  According to the Ninth Circuit, those two issues included: (1) "Briseno's competency to stand trial and thus his competency to plead guilty;" and (2) "the failure of the trial judge to inform Briseno of the mandatory minimum [sentence]." *Id.* at 3-4.

It is the Ninth Circuit's characterization of the second issue that is the source of some of the parties' confusion.  In fact, after setting forth the underlying issue as "the failure of the trial judge to inform Briseno of the mandatory minimum [sentence]," the Ninth Circuit

---

[6]As discussed above, Briseno's first claim in his direct appeal was not raised in his federal habeas petition and is likely unexhausted.  Briseno's second claim on direct appeal was not raised in his federal habeas petition, and is also unexhausted, and perhaps procedurally defaulted as well.  Briseno's second claim raised in his latest state habeas petition is the very claim that this court dismissed as procedurally barred in its September 6, 2005 order granting in part and denying in part the state's motion to dismiss.  Accordingly, given that this court dismissed the claim as procedurally barred, it was *not* adjudicated on the merits in connection with the federal habeas petition nor was Briseno given permission to raise the claim in the COA.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

subsequently continued on to discuss the issue, concluding that it "was ineffective assistance of counsel not to request a [CPC] on the issue of the *failure of the court or counsel* to advise Briseno that there was a mandatory minimum sentence." *Id.* at 4.  The court's discussion then focused almost primarily on counsel's - as opposed to the court's - advisements.  The trial court's advisement is mentioned only once in the court's analysis of the issue, when it concluded that:

> Briseno was never told by his attorney *(or by the judge)* about the mandatory minimum, and this actually constituted the basis for the 210 year sentence. It was ineffective assistance of counsel not to seek a certificate of probable cause on the failure to advise about the mandatory minimum.

*Id.* (emphasis added).

The state is correct that Briseno did not raise that particular issue as a separate claim in his federal habeas petition, and also does not appear to have raised it as a separate claim before the state courts.  Instead, as noted, in his federal habeas petition, Briseno claimed that "trial counsel's representation of [him] was constitutionally deficient because he failed to advise [Briseno] of the direct penal consequences of his pleas and therefore those pleas were neither knowing nor voluntary in violation of [his] constitutional right to due process."  See April 14, 2004 Petition, Memorandum of Points and Authorities at 9.  This was the same claim that Briseno raised in his state court habeas petitions in 2002.

The court notes that in support of that ineffective assistance of counsel claim, in his 2002 state court habeas petitions, Briseno asserted (but did not raise as a separate due process claim) that neither the court nor the prosecutor addressed the mandatory minimum sentence. *See* Resp. Exh. 4A at 21; Exh. 4D at 10.  However, he did not make such assertion in his April 14, 2004 federal habeas petition.  The court further notes that like his prior state court habeas petitions, within his discussion of the ineffective assistance of counsel claim that he raised in his recent August 3, 2011 habeas petition and March 29, 2012 petition for review before the California Court of Appeal and California Supreme Court, Briseno similarly asserted that he was never advised of the mandatory minimum

13

United States District Court

For the Northern District of California

sentence by the trial court.  *See* Resp. Exh. 8A at 36; Exh. 8B at 18.

In sum, to the extent that Briseno ever asserted that the trial court failed to advise him of the mandatory minimum, within his state habeas petitions, it has always been alleged within the context of his ineffective assistance of counsel claim pertaining to counsel's failure to advise him of the mandatory minimum, and not as a separate claim. Furthermore, it was not alleged as a separate claim *or* in conjunction with any of his claims in his federal habeas petition.

The parties did not provide this court with the briefs filed before the Ninth Circuit on appeal, nor does the court have access to the briefs, which are not available via the Ninth Circuit's electronic filing system or on Westlaw.  Accordingly, the court is unable to ascertain how Briseno framed his issue on appeal, and whether it was framed with fidelity to the court's COA or to his federal habeas petition.

It thus appears to this court that the underlying issue was indeed *counsel's* advisement of Briseno regarding the mandatory minimum sentence.  Given that Briseno's federal petition did not state a claim based on the *trial court's* failure to advise him of the mandatory minimum sentence; that his prior state court petitions raised the allegation only in the context of the ineffective assistance of counsel claim; and that the Ninth Circuit does not appear to have enlarged the scope of the COA or to have otherwise granted Briseno permission to raise additional claims not raised in his federal habeas petition, the court concludes that the only underlying claim for which the Ninth Circuit found that counsel's failure to file the CPC may have constituted a constitutional violation was a claim based on *counsel's* ineffective assistance in failing to advise Briseno of the mandatory minimum sentence and any resulting due process violation based on *counsel's* failure to so advise Briseno.  It was therefore that claim - based on *counsel's* advisements - that Briseno was permitted to raise before the state courts.

**2.    Relief Ordered by Ninth Circuit**

The next inquiry therefore concerns the relief for such a constitutional violation.  The

**United States District Court**

For the Northern District of California

Ninth Circuit remanded "with instructions to grant the writ of habeas corpus on the issue reversed and order the defendant released unless he is afforded an opportunity to appeal that conviction within a reasonable time." *Id.* at 5-6. This court must therefore interpret what the Ninth Circuit meant by "an opportunity to appeal."

As noted at the August 22, 2012 hearing, the Ninth Circuit's intent in ordering that Briseno be afforded "an opportunity to appeal," was unclear to the court when the case was reopened following remand. The court was unclear whether it was to order that the state court waive the deadline for requesting a CPC, in which case Briseno would still have to request and be granted a CPC in order to appeal, or whether it was to order the state court to waive the requirement for Briseno to obtain a CPC altogether and to permit him to appeal without first having met that state law requirement. This court simply presumed the latter was intended and granted the writ ordering "that respondent release petitioner from custody unless the state (presumably the California Court of Appeal) affords the petitioner an *opportunity to appeal on the merits (presumably without having first obtained a certificate of probable cause)* his claim that he was denied effective assistance of counsel in violation of the Sixth Amendment when his trial counsel failed to request a certificate of probable cause on the issue of the trial judge's failure to inform him of the mandatory minimum sentences for each charge." (Emphasis added.) As noted, in retrospect, the court recognizes that its presumption as to the Ninth Circuit's intentions compounded any ambiguity of the Ninth Circuit's December 20, 2010 order.

Briseno argues in his motion to enforce that the Ninth Circuit afforded him an opportunity to appeal on the merits the claim for which it found a constitutional violation. However, as noted above, Briseno expanded on this argument at the August 22, 2012 hearing, arguing that the Ninth Circuit's order allowed him to appeal any issue that was "part and parcel" of the ineffective assistance CPC claim.

The state counters that the Ninth Circuit's order requiring that Briseno be afforded an "opportunity to appeal" did not actually require an opportunity to appeal *on the merits.*

United States District Court

For the Northern District of California

1  Nevertheless, the state argues that the state appellate courts did afford Briseno an

2  opportunity to appeal on the merits.  It suggests that when the California Court of Appeal

3  recalled the remittitur, vacated its 2002 dismissal order, restored the appeal to active

4  status, and appointed counsel, it gave Briseno the opportunity to appeal on the merits,

5  even though it ultimately held that a CPC was required.

6        Moreover, the state contends that Briseno has now twice presented the underlying

7  ineffective assistance of counsel claim for failing to advise him of the minimum sentence -

8  in habeas petitions in 2002 and 2012, both of which the state appellate courts denied on

9  the merits.  Accordingly, it argues that the only constitutional violation identified by the Ninth

10  Circuit - an ineffective assistance of counsel claim based on counsel's failure to obtain a

11  CPC to raise this underlying claim - has been cured through the state habeas process, the

12  only process by which Briseno was permitted to raise such a claim since he relied on

13  evidence outside the record.

14        Briseno responds that the Ninth Circuit intended to relieve him of complying with any

15  procedural hurdles that might prevent him from obtaining a merits decision on his state

16  court appeal.  He argues that the state appellate courts did not afford him a merits review

17  on direct appeal simply by allowing him to "file" an appeal and then dismissing it on

18  procedural grounds.  Briseno further argues that his habeas petition was not a substitute for

19  "an appeal" and that the Ninth Circuit contemplated something other than a habeas petition

20  when it ordered that he be given an "opportunity to appeal."  This is because he needed no

21  permission to file a state habeas petition, as there is no statute of limitations for doing so.

22  Consequently, according to Briseno, had a habeas petition been all that was contemplated,

23  the Ninth Circuit's order would have been meaningless.[7]

24  _____

25        [7]Briseno makes this argument in spite of the fact that he recognizes that he could not
     raise the claim concerning counsel's advisements on direct appeal because the claim relied
26  on matters outside the record.  He does not suggest that the Ninth Circuit also intended that
     those state rules pertaining to what is appealable and what is subject only to collateral attack
27  be waived (as well as CPC rule).  It is unclear how Briseno was supposed to "appeal" on direct
     appeal an issue that is not subject to appeal.  Presumably, Briseno makes this argument in
28  conjunction with - or in recognition of - his argument that he was permitted to appeal any and

United States District Court

For the Northern District of California

1    This court interprets the Ninth Circuit's order as providing Briseno with the

2    opportunity to appeal the underlying issue associated with the constitutional violation found

3    by the Ninth Circuit.  At the August 22, 2012 hearing, both parties agreed that the Ninth

4    Circuit had conclusively determined that counsel was ineffective for failing to request the

5    CPC.  This court therefore agrees that counsel's ineffective assistance with respect to the

6    filing of the CPC request itself does not appear to be an issue that the Ninth Circuit

7    intended be re-litigated in the state appellate courts.  Instead, it is the underlying issue - for

8    which the Ninth Circuit held that Briseno had a "reasonable chance" of success had his

9    counsel requested and obtained a CPC - which this court concludes the Ninth Circuit

10   intended that Briseno be provided an "opportunity to appeal." Accordingly, the court

11   concludes that the Ninth Circuit's order gave Briseno permission to raise only that claim:

12   that his counsel provided ineffective assistance for failing to advise Briseno regarding the

13   mandatory minimum sentence and any resulting due process violation based on *counsel's*

14   failure to so advise Briseno.  Any issue regarding the trial court's failure to similarly advise

15   Briseno could be addressed in the context of that ineffective assistance of counsel claim,

16   for example, in evaluating whether Briseno was prejudiced by such deficient performance,

17   but could not be raised as a separate claim because the Ninth Circuit's order did not

18   provide Briseno with permission to raise claims that had not been previously exhausted

19   before the state courts and/or that were not raised in his federal habeas petition.

20   **C.    Did the State Comply with the Ninth Circuit's Order?**

21   The court finds that there are three issues or sub-issues regarding whether the state

22   complied with the Ninth Circuit's order, including 1) whether the direct "appeal" complied as

23   argued by the state; 2) whether Briseno rendered compliance impossible by not appealing

24   the actual issue reversed; and 3) whether because no direct appeal was permitted by state

25   law, the habeas proceeding amounted to substantial compliance.

26   _____

27   all "related" issues to the state appellate courts - including those that *are* permitted on direct
     appeal - following the conditional grant of the writ.  However, for the reasons set forth above,

28   the court rejects that interpretation of the Ninth Circuit's order.

United States District Court

For the Northern District of California

1    First, the court concludes that by recalling the remittitur, vacating its 2002 dismissal

2   order, and by restoring the appeal to active status and appointing counsel for Briseno, the

3   state courts' actions on direct appeal provided Briseno with the "opportunity to appeal"

4   required by the Ninth Circuit.

5    Second, as set forth above, the court finds that the Ninth Circuit provided Briseno an

6   opportunity to appeal the underlying ineffective assistance of counsel claim based on his

7   counsel's failure to advise him of the mandatory minimum sentence.  As noted, Briseno *did*

8   *not* raise this particular claim on direct appeal because, as all parties agree, a direct appeal

9   was not the proper avenue for raising such a claim.  Accordingly, to the extent the Ninth

10   Circuit envisioned that the claim be raised on direct appeal - as opposed to in state habeas

11   proceedings - compliance was rendered impossible based on the fact that state law did not

12   permit Briseno to raise the claim on direct appeal and the fact that Briseno understandably

13   did not raise the issue on direct appeal.

14    Third, Briseno did, however, "appeal" the "correct" issue in the state court habeas

15   proceedings.[8]  Notwithstanding Briseno's argument to the contrary, this court presumes

16   that the "postcard" denials by the California Court of Appeals and the California Supreme

17   Court constituted denials on the merits.  *See Harrington v. Richter*, 131 S.Ct. 770, 784-85

18   (2011) (presuming that California Supreme Court's summary adjudication was on the

19   merits); *see also Crittenden v. Ayers,* 624 F.3d 943, 946 (9th Cir. 2010) (*citing Chambers v.*

20   *McDaniel*, 549 F.3d 1191, 1197 (9th Cir. 2008) ("[U]nless a court expressly (not implicitly)

21   states that it is relying upon a procedural bar, we must construe an ambiguous state court

22   response as acting on the merits of a claim, if such a construction is plausible.")).

23   Accordingly, the court finds that the habeas proceedings substantially complied with the

24   Ninth Circuit's requirement that Briseno be afforded an "opportunity to appeal."  Since

25   Briseno received all of the relief to which he was entitled in conjunction with his state

26   _____

27    [8]As the state notes, this was actually the second time that Briseno raised the issue in
state habeas proceedings.  He had previously raised the issue in a 2002 habeas petition,
28   which the state courts summarily denied.

1   habeas petition, the court concludes that the state has complied with the Ninth Circuit's
2   order, and with this court's order conditionally granting the writ.

**D.      What is the Remedy Afforded by the Ninth Circuit's Order in the Event of the**
**State's Non-Compliance?**

Alternatively, in the event the Ninth Circuit disagrees with this court's above findings
regarding compliance, the court addresses the appropriate remedy for non-compliance.  As
noted, Briseno first raised the remedy issue in his reply brief, and the parties subsequently
each filed a supplemental brief on the issue.

In his reply, Briseno argues that the remedy for non-compliance is his release from
custody.  He assumes that if he were released, he would be immediately rearrested and
transferred to the custody of Santa Clara County, where he would be tried on all of the
original charges, including those involving his son.  He argues that he is therefore entitled
to an order of release that prohibits the state from rearresting or retrying him.

In its supplemental response, the state argues that where a federal court grants
habeas relief, it may order the petitioner's release on that particular judgment, but that it
cannot preclude the state from rearresting and retrying him.  *See Harvest v. Castro*, 531
F.3d 737, 750 n.9 (9th Cir. 2008); *see also Gardner v. Pitchess*, 731 F.2d 637, 640 (9th Cir.
1984).  The state argues that this is *not* a case where the constitutional error cannot be
corrected by a new trial, where a trial would violate the Double Jeopardy clause, or where
there are extraordinary circumstances.  The state further contends that where a petitioner
obtains habeas relief based on a guilty plea, the remedy is typically the opportunity to
withdraw the plea and proceed to trial.  *See Padilla v. Kentucky*, 130 S.Ct. 1473, 1485-86
(2010).  In sum, it asserts that the Ninth Circuit's order must be interpreted consistent with
existing law as requiring that in the event of the state's non-compliance, the petitioner is to
be released only on the current judgment, and that the federal habeas court has no
authority to bar the state from rearresting or retrying petitioner.

In his supplemental reply, Briseno argues that the issue at this stage is not the

United States District Court
For the Northern District of California

19

1    remedy for the constitutional violation but is instead the remedy for the state court's refusal

2    to comply with the Ninth Circuit's order.  He contends that release plus an opportunity for

3    retrial does not adequately redress the state court's defiance of the Ninth Circuit's order.

4    He suggests that one possibility is to hold the members of the state appellate courts in

5    contempt, but that a more feasible remedy is to release him back into society and to

6    prohibit his rearrest or retrial.  He argues that this is warranted given the state court's

7    "inexcusable and abusive" conduct.

8         The court concludes that the relief Briseno seeks goes well beyond any relief that is

9    provided in the Ninth Circuit's order.  Given the constitutional violation found in this case -

10   ineffective assistance of counsel based on counsel's failure to request a CPC - the remedy

11   is not release into society, but is an opportunity for Briseno to withdraw his guilty plea.  *See*

12   *United States v. Roberts*, 5 F.3d 365, 370 (9th Cir. 1993) (trial court's failure to advise

13   defendant of maximum possible penalty before pleading guilty required remand to the

14   district court with instructions that the judge either resentence defendant to the lowest

15   sentence possible or permit him to replead); *accord Hart v. Marion Correctional Center*, 927

16   F.2d 256, 259 (6th Cir. 1991); *Osborn v. Shillinger*, 861 F.2d 612, 630 (10th Cir. 1988); *but*

17   *see Carter v. McCarthy*, 806 F.2d 1373, 1377 (9th Cir. 1986) (finding that a state prisoner's

18   plea was not voluntary and knowing because the trial court had failed to inform him of a

19   mandatory parole term, and ordering specific performance of the plea agreement, e.g.,

20   release "from any further service under the parole term" where petitioner had served the

21   bargained-for sentence).

22        This was confirmed most recently by the Ninth Circuit in *Johnson v. Uribe*, in which

23   the appellate court affirmed the district court's grant of habeas relief based on the

24   petitioner's ineffective assistance of counsel claim, concluding that his counsel was

25   ineffective when he failed to advise the petitioner that he was pleading guilty to an unlawful

26   sentence.  682 F.3d 1238, 1243-44 (9th Cir. 2012).  Originally, the district court in *Johnson*

27   determined that the remedy was to grant the petition subject to the state court resentencing

28

20

United States District Court

For the Northern District of California

1    the petitioner within the lawful sentencing range. *Id.* However, on appeal, the Ninth Circuit

2    held that the remedy for the Sixth Amendment violation was to "put the defendant back in

3    the position he would have been in if the Sixth Amendment violation never occurred," but

4    without "unnecessarily infring[ing] on competing interests." *Id.* at 1244 (citing *Lafler v.*

5    *Cooper*,132 S.Ct. 1376, 1387-88 (2012)).  In support, the Ninth Circuit noted that "[a]n

6    adequate Sixth Amendment remedy must 'neutralize the taint' of a constitutional violation,

7    while at the same time not grant a windfall to the defendant or needlessly squander the

8    considerable resources the State properly invested in the criminal prosecution." *Id.*

9        The *Johnson* court held that because the petitioner's counsel's ineffective assistance

10   impacted the entire plea negotiation stage of the proceedings, the petitioner was entitled to

11   be returned to that pre-plea stage such that he could "bargain" from the position he would

12   have been in had his counsel accurately advised him regarding the sentence. *Id.* at 1245-

13   46.  The Ninth Circuit thus granted a conditional writ of habeas corpus subject to the state

14   court vacating petitioner's conviction, allowing him to withdraw his plea, and granting him a

15   new trial. *Id.*

16       The court finds that Briseno is entitled to the same relief as that received by the

17   *Johnson* petitioner.  To grant Briseno "release" without the possibility of retrial would most

18   certainly constitute a "windfall."  *See id.* at 1387-88.  Thus, this court interprets the Ninth

19   Circuit's order in the manner urged by the state as an order to release petitioner only on

20   this judgment in the event of non-compliance by the state.

21       Moreover, even assuming that this court were to find that the state courts failed to

22   comply with its order, a release for all purposes is not warranted based on any non-

23   compliance.  As discussed, this court was itself unclear regarding the Ninth Circuit's

24   unstated intentions with respect to the relief it was ordering, and this court's January 14,

25   2011 order compounded any lack of clarity associated with the Ninth Circuit's December

26   20, 2010 order.  Given its own lack of clarity, the court cannot and does not find that the

27   state courts "inexcusably and abusively" defied its order.  Accordingly, to the extent the

28

21

United States District Court

For the Northern District of California

state courts can be said to have failed to have complied with the Ninth Circuit's and this court's order, then the only release that is required is release on the judgment, and the court declines to prohibit the state from rearresting and retrying Briseno.  *See Harvest*, 531 F.3d at 750 n.9.

## CONCLUSION

For the reasons set forth above, the court DENIES Briseno's motion to enforce the Ninth Circuit's order and this court's subsequent order granting the writ of habeas corpus.

The court presumes that the denial of Briseno's motion to enforce is immediately appealable directly to the Ninth Circuit.  However, in the event that permission to appeal is required because the order is interlocutory in nature, the court certifies the motion for immediate appeal pursuant to 28 U.S.C. § 1292(b), finding that there is a controlling issue of law, substantial grounds for a difference of opinion, and that an immediate appeal would materially advance the ultimate termination of the litigation.  *See Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

**IT IS SO ORDERED.**

Dated: September 18, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge