UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL W. BRISENO,

    Petitioner,

    v.

JEANNE S. WOODFORD, Warden,

    Respondent.
_____/

No. C 04-1458 PJH

**CONDITIONAL WRIT OF HABEAS CORPUS**

        In accordance with the order of remand and mandate issued by the Ninth Circuit on September 12, 2014, respondent Jeanne S. Woodford moves for issuance of a conditional writ of habeas corpus. Doc. no. 84. Petitioner Michael Briseno opposes respondent's motion and proposed writ. Doc. no. 87. Respondent did not file a reply brief, and the matter is submitted on the papers. The court declines to adopt respondent's proposed writ and issues a conditional writ of habeas corpus as set forth below.

        On petitioner's appeal from the September 18, 2012 order denying petitioner's motion to enforce the Ninth Circuit's December 20, 2010, memorandum decision and this court's subsequent January 14, 2011, order granting the petition for writ of habeas corpus, the Ninth Circuit remanded this case "with instruction to grant a conditional writ of habeas corpus unless the State, within ninety days, affords Briseno the opportunity to appeal his conviction on the ground that his plea was involuntary, given that both the California Superior Court and his trial counsel failed to inform Briseno of the statutory mandatory minimum sentences; *i.e.*, the writ shall be granted unless the State affords Briseno the opportunity to apply for a certificate of probable cause to appeal that issue." Doc. no. 83 (9th Cir. Sept. 12, 2014).

1	The parties dispute the language of the conditional writ mandated by the Ninth
2	Circuit.  Respondent proposes that the court issue the following conditional writ:

> The Court orders that respondent release petitioner from custody on this judgment unless within 90 days (1) the Superior Court affords petitioner the opportunity to apply for a certificate of probable cause to appeal on the ground that his plea was involuntary because he was not informed of the statutory mandatory minimum sentences, or (2) the State initiates proceedings to retry him.

Doc. no. 84.  Petitioner contends that respondent's proposed writ contradicts the Ninth Circuit's ruling and would effectively give respondent relief that the court of appeals declined to grant.  First, he argues that respondent's proposed language omits the portion of the court of appeals' ruling recognizing the basis for petitioner's argument that his plea was involuntary, namely, that "**both** the California Superior Court **and** his trial counsel failed to inform Briseno of the statutory mandatory minimum sentences."   Doc. no. 87 at 5.  Second, petitioner disputes the proposed language that could be construed as specifying a remedy for any possible future violations by the state courts of the new writ, in that it only authorizes release from custody "on this judgment" and gives the state an opportunity to retry petitioner as an alternative to affording him an opportunity to apply for a CPC.  Doc. no. 87 at 5.  These objections are well taken and the court declines to adopt the disputed language proposed by respondent.

Petitioner argues persuasively that respondent's proposed writ allows for the possibility that the state could initiate proceedings to retry him without affording him an opportunity to apply for a CPC, because respondent proposes (1) affording the opportunity to apply for a CPC, and (2) initiating proceedings to retry petitioner, as alternatives to each other.  This proposed condition is not entirely consistent with the mandate.  Providing petitioner an opportunity to apply for a CPC is a condition set by the terms of the mandate, and the court may not fashion an alternative to that condition.  That is, the mandate provides for issuance of a conditional writ unless petitioner is afforded an opportunity to apply for a CPC to appeal on the ground that his plea was involuntary.  Rather than being an alternative to the CPC condition, the state's initiation of proceedings to retry petitioner is

2

an alternative remedy to release from custody, which is then conditioned on whether the state affords petitioner an opportunity to apply for a CPC.

Petitioner recognizes that the court concluded earlier that the state could retry him to remedy the alleged violation that was then before the court, but contends that the Ninth Circuit rejected this remedy and ordered that the parties go back to state court to give petitioner the opportunity to apply for a CPC to appeal.  In the September 18, 2012 order, the court cited a Ninth Circuit decision, which was subsequently amended and superseded upon denial of rehearing, holding that the appropriate remedy for a Sixth Amendment violation in the plea context is to return petitioner to the pre-plea stage of the proceedings.  Doc. no. 73 at 21 (citing *Johnson v. Uribe*, 682 F.3d 1238 (9th Cir.), *amended by* 700 F.3d 413 (9th Cir. 2012), *cert. denied*, 134 S. Ct. 617 (2013)).  The remedy discussion was not amended by the superseding opinion in *Johnson*, and the Ninth Circuit held that to remedy a Sixth Amendment violation of ineffective assistance of counsel occurring during the plea negotiation stage, the petitioner must "be permitted to 'bargain' from the position he would have been in," had counsel rendered effective assistance, rather than simply re-sentencing him.  700 F.3d at 427.  The court reasoned that "[a]n adequate Sixth Amendment remedy must neutralize the taint of a constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution."  *Id.* at 425 (citing *Lafler v. Cooper*, 132 S. Ct. 1376, 1388 (2012) (internal citation and quotation marks omitted)).

In light of this controlling authority, and under the terms of the mandate, the court determines that the appropriate remedy here is to require the state either to release petitioner from custody or to initiate proceedings to retry him, unless the state court affords petitioner an opportunity to apply for a certificate of probable cause within 90 days.  *See United States v. Kellington*, 217 F.3d 1084, 1092-93 (9th Cir. 2000) ("According to the rule of mandate, although lower courts are obliged to execute the terms of a mandate, they are free as to anything not foreclosed by the mandate, and, under certain circumstances, an order issued after remand may deviate from the mandate if it is not counter to the spirit of

3

the circuit court's decision.") (citations and internal quotation marks omitted).  *See also Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) ("this Court has repeatedly stated that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court.").

In issuing a conditional writ that requires either release from custody or proceedings to retry petitioner, unless the state affords an opportunity to apply for a CPC, the court determines that the terms of the current mandate are substantially different than the mandate issued pursuant to the December 2010 memorandum decision, which was issued before *Johnson* was decided.  The December 2010 memorandum expressly remanded the petition "with instructions to grant the writ of habeas corpus on the issue reversed and **order the defendant released** unless he is afforded an opportunity to appeal that conviction within a reasonable time."  Doc. no. 46 at 6 (emphasis added).  The current mandate, issued by a different panel, gives no similar instruction that petitioner be released.  Rather, the current mandate instructs the court to issue a conditional writ unless petitioner is afforded the opportunity to apply for a CPC.  Doc. no. 83.  The mandate is silent on whether release and/or retrial is the appropriate remedy.  Under the terms of the mandate, and in light of *Johnson*, the court denies petitioner's request to issue a conditional writ under the instructions of the earlier mandate requiring release from custody.

Accordingly, IT IS HEREBY ORDERED that respondent either (1) release petitioner Michael W. Briseno from custody or (2) initiate proceedings to retry him, unless, within 90 days of the date of this conditional writ, the state affords petitioner the opportunity to apply for a certificate of probable cause to appeal on the ground that his plea was involuntary, given that both the California Superior Court and his trial counsel failed to inform petitioner of the statutory mandatory minimum sentences.

**IT IS SO ORDERED.**

Dated: November 10, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

4